# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| MELFORD D. NEWLON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 4:06CV01522 ERW** |
| | ) | |
| ST. LOUIS CITY JUSTICE CENTER, | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Melford D. Newlon (registration no.303806 ), an inmate at the Boonville Correctional Center (BCC), for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that the applicant does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.82. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1) a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income

credited to the prisoner's account.  <u>See</u> 28 U.S.C. § 1915(b)(2).  The agency having custody of

the prisoner will forward these monthly payments to the Clerk of Court each time the amount in

the prisoner's account exceeds $10, until the filing fee is fully paid.  <u>Id.</u>

Applicant has submitted an affidavit and a certified copy of his prison account

statement for the six month period immediately preceding the submission of his complaint.  <u>See</u> 28

U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly

deposit of $9.09, and an average monthly account balance of $0.15.  Applicant has insufficient

funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of

$1.82, which is 20 percent of applicant's average monthly.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma

pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can

be granted, or seeks monetary relief against a defendant who is immune from such relief.  An

action is frivolous if "it lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490

U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it

appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

would entitle him to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Jackson Sawmill Co. v.</u>

<u>United States</u>, 580 F.2d 302, 306 (8th Cir. 1978), <u>cert. denied</u>, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the

complaint the benefit of a liberal construction.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).   The

Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are

clearly baseless.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S.

232, 236 (1974).

## The complaint

Plaintiff seeks damages pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The St. Louis City Justice Center (SLCJC) is named as defendant. Briefly, plaintiff alleges that he was denied medical treatment at the St. Louis City Justice Center after he sustained "cranial injuries" and "suffered head bleeding" from "being beaten by members of the St. Louis Police Department."

## Discussion

Plaintiff's complaint against the SLCJC should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The SLCJC is not a sueable entity. See Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); cf. Catlett v. Jefferson County, 299 F. Supp. 967, 968-69 (E.D. Mo. 2004) (subdivision of local government entity that lacks capacity to be sued under applicable state law may not be sued in federal court under § 1983). Furthermore, plaintiff has not alleged that unlawful actions were taken pursuant to the City of St. Louis's policies or customs. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978).

Although not named as a defendant in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure, it appears that plaintiff may also be seeking relief against an "unnamed nurse" for denying him medical care. To the extent that plaintiff seeks damages against this "unnamed nurse" plaintiff has not set forth enough facts to permit the identity of the unknown and unnamed defendant to be determined.[1] See Estate of Rosenberg v.

---

[1]With the dismissal of plaintiff's claims against the SLCJC, the "unnamed nurse" would be the only defendant in this action. Without a name, the Court - as it is required by Rule 4(c)(2) of

Crandell, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible).

       In accordance with the foregoing,

       **IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

       **IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.82 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

       **IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief may be granted or both. See 28 U.S.C. § 1915(e)(2)(B).

       An appropriate order shall accompany this order and memorandum.

   So Ordered this 28th Day of March, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

---

the Federal Rules of Civil Procedure - would be unable to obtain service of process on this defendant.